**MARK L. NATIONS, COUNTY COUNSEL**
By: Andrew C. Thomson, Chief Deputy (SBN 149057)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants County of Kern,
Kern County Sheriff Donny Youngblood

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>KERN COUNTY, a municipal entity; CITY OF BAKERSFIELD, a municipal entity; Sheriff of Kern County DONNY YOUNGBLOOD, individually and as a peace officer; Chief of Bakersfield Police Department LYLE MARTIN, individually and as a peace officer; Bakersfield Police Officer ERIC HARDIN, individually and as a peace officer; Bakersfield Police Department Sergeant LOUIS WOOD, individually and as a peace officer; DOES 1 - 20, inclusive,<br><br>　　　　　　Defendants. | Case No.:  1:17-CV-01669 LJO-JLT<br><br>**ANSWER OF DEFENDANTS COUNTY OF KERN AND KERN COUNTY SHERIFF DONNY YOUNGBLOOD TO PLAINTIFFS' COMPLAINT** |

**COME NOW** Defendants, County of Kern (hereinafter "County") and Kern County Sheriff Donny Youngblood (hereinafter "Youngblood") (collectively hereinafter "County Defendants" and/or these "Answering Defendants") and, in answering the Complaint of plaintiffs Christine Taylor (hereinafter "Plaintiff") on file herein, jointly and severally admit, deny and allege as follows:

1

_____
Answer of County and Youngblood to Plaintiff's Complaint

1. These Answering Defendants admit the allegations of the following paragraph: 104.

2. These Answering Defendants are without sufficient information or belief to admit or deny the following paragraphs, and therefore deny the allegations of said paragraphs: 2, 10, 11, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 63, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 89, 90, 91, 92,  99, 100, 101, 102, 103, 111, 112, 113, 114,  118, 119, 125, 126, 127, 128, 129, 130 and 131.

3. In answering paragraphs 38, 49, 56, 83, 87, 93, 105, 115 and 124 these Answering Defendants are informed and believe that the paragraphs are merely intended to incorporate prior allegations into the respective cause of action, and these Answering Defendants intend their previous responses to each of the identified paragraphs to cumulatively stand as their response to these paragraphs.

4. In answering paragraphs 1 and 39 these Answering Defendants are informed and believe that the paragraphs are a mere recital of the nature of the complaint and do not require a response.

5. In answering paragraphs 4, 6, 7, 8, 9, 12, 14, 15, 35, 36, 37, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 88, 94, 95, 96, 97, 98, 106, 107, 108, 110, 116 and 117, these Answering Defendants are informed and believe that the paragraphs are allegations which are associated with defendants other than these Answering Defendants, and thus do not require a response from these Answering Defendants.

6. In answering paragraph 3, these Answering Defendants: admit that "Defendant, Kern County (hereinafter "COUNTY'), is a public entity for the purposes of this action and in said capacity, is responsible for and administers the Kern County Sheriff's Department ("KCSD")" and "COUNTY, through its component parts and the Sheriff of Kern County, Donny YOUNGBLOOD ("YOUNGBLOOD"), run, operate, oversee, administer, supervise, and are otherwise responsible for the conduct of KCSD in the COUNTY facilities," but are unable to understand the Plaintiff's intended meaning of the remainder of the

paragraph and are therefore without sufficient information or belief to admit or deny the remainder of the paragraph and therefore deny the remainder of the paragraph.

7. In answering paragraph 75, these Answering Defendants: admit that "On or before May 15, 2017, there existed within the KCSD: (l) an administrative manual; (2) a written compilation of policies and procedures; (3) orally-conveyed departmental policies;" but are unable to understand the Plaintiff's intended meaning of the remainder of the paragraph and are therefore without sufficient information or belief to admit or deny the remainder of the paragraph and therefore deny the remainder of the paragraph.

**FIRST AFFIRMATIVE DEFENSE**

8. As a first separate and distinct affirmative defense, these Answering Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim and/or cause of action against these Answering Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

9. As a second separate and distinct affirmative defense, these Answering Defendants allege that Plaintiff's Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

10. As a third separate and distinct affirmative defense, these Answering Defendants allege that Plaintiff's claims are barred by equitable doctrines, including but not limited to laches, unclean hands, collateral estoppel, judicial estoppel and/or res judicata.

**FOURTH AFFIRMATIVE DEFENSE**

11. As a fourth separate and distinct affirmative defense, these Answering Defendants allege that Plaintiff has failed to file a sufficient California Tort Claims Act Claim for the pendent state causes of action, and thus each pendent cause of action therein, is barred.

\ \ \

\ \ \

\ \ \

### FIFTH AFFIRMATIVE DEFENSE

12. As a fifth separate and distinct affirmative defense, these Answering Defendants alleged that the conduct, acts and/or failures to act of itself, its agents and/or its employees were privileged.

### SIXTH AFFIRMATIVE DEFENSE

13. As for a sixth separate and distinct affirmative defense, these Answering Defendants allege that they are immune from liability for the causes of action alleged in the Complaint pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2 and 823 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

### SEVENTH AFFIRMATIVE DEFENSE

14. As a seventh separate and distinct affirmative defense, these Answering Defendants allege that they are immune from any civil liability in this matter under the doctrine of qualified immunity in that, at all times, they and/or their agents and employees had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff was objectively reasonable and thus justified, reasonable and lawful, or reasonably believed to be justified, reasonable and lawful, under the circumstances presented to these Answering Defendants and/or their agents and/or employees at the time of the incident[s] at issue herein.

### EIGHTH AFFIRMATIVE DEFENSE

15. As an eighth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiff complains were the proximate results of the negligence, carelessness and/or recklessness of Plaintiff herself, both in her acts and/or failures to act, so as to bar or diminish recovery herein as against these Answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

16. As a ninth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiffs complain, were the proximate

4

_____
**Answer of County and Youngblood to Plaintiff's Complaint**

result of the intentional acts of Plaintiff, and each of them, done with the knowledge of the act and consequences, all so as to bar or diminish recovery herein as against this Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

17. As a tenth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiff complains were the proximate results of the negligence, carelessness and/or recklessness of persons other than these Answering Defendants, so as to bar or diminish recovery herein as against these Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

18. As an eleventh separate and distinct affirmative defense, these Answering Defendants allege that Plaintiff, with full knowledge of the dangers incident thereto, intentionally and voluntarily exposed herself to all those matters and things alleged in the Complaint and did thereby knowingly and voluntarily assume the risk naturally incident thereto.

### TWELFTH AFFIRMATIVE DEFENSE

19. As a twelfth separate and distinct affirmative defense, these Answering Defendants allege, on information and belief, that Plaintiff, by the exercise of reasonable efforts and/or care, could have mitigated the amount of damage alleged to have been suffered by Plaintiff, and that at all relevant times Plaintiff failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate Plaintiff's alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

20. As a thirteenth separate and distinct affirmative defense, these Answering Defendants allege, on information and belief, that the Incident, and each and every portion thereof, was the result of an Act of God, and/or the result of causes unrelated to these Answering Defendants and/or beyond its control, and were not the result of these Answering

\ \ \

Defendants' acts and/or failures to act, and/or any policies and/or procedures of these Answering Defendants, and thus bars recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

21. As a fourteenth separate and distinct affirmative defense, these Answering Defendants allege that at no time did their agents and/or employees act, intentionally or otherwise, with malice, fraud or oppression, and are thus exempted from punitive and/or exemplary damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

22. As a fifteenth separate and distinct affirmative defense, these Answering Defendants allege that they are immune from punitive and/or exemplary damages in accordance with the California Statutes, including but not limited to California Government Code § 818, Code of Civil Procedure § 377.61 and Civil Code §3294, and that these Answering Defendants are further immune and jurisdiction is lacking over claims for punitive or exemplary damages against these Answering Defendants pursuant to the Constitutions of the United States and the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

23. As a sixteenth separate and distinct affirmative defense, these Answering Defendants allege, based upon information and belief, that Plaintiff's Complaint is frivolous, and constitutes an action and tactic not based in good faith, and will cause unnecessary cost, delay and obstruction to these Answering, wherefore these Answering Defendants are entitled to costs and expenses for all pendent state causes of action as provided in Code of Civil Procedure § 128.5(a) and/or for violation of Federal Rules of Civil Procedure, Rule 11.

### SEVENTEENTH AFFIRMATIVE DEFENSE

24. As a seventeenth separate and distinct affirmative defense, these Answering Defendants allege that the actions as alleged in the Complaint, taken by a person or persons other than these Answering Defendants, may have exceeded the course and scope of the person(s) duties, and therefore the acts or failures to act of these Answering Defendants,

\ \ \

acting within the course and scope of their duties, are privileged and these Answering Defendants are entitled to full, partial and qualified immunity.

### EIGHTEENTH  AFFIRMATIVE DEFENSE

25. As an eighteenth separate and distinct affirmative defense, these Answering Defendants allege that, in the event of a finding of liability, these Answering Defendants assert the protections of Civil Code sections 1431.2, et seq., and, accordingly, these Answering Defendants can only be obligated to pay that percentage of non-economic damages which corresponds to these Answering Defendants percentage of fault, if any such fault is found.

### NINETEENTH AFFIRMATIVE DEFENSE

26. As a nineteenth separate and distinct affirmative defense, these Answering Defendants that, in the event of a finding of liability, these Answering Defendants assert the benefits of Government Code §985 et seq. and request the Court make a determination of collateral source payments to, or on behalf of Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

27. As a twentieth and separate affirmative defense these Answering Defendants are entitled to the protection and benefits of Government Code section 985 et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

28. As a twenty-first separate and distinct affirmative defense, these Answering Defendants have not initiated discovery or concluded the investigation and therefore reserve the right to subsequently plead as additional affirmative defenses, any of the items set forth in any and all applicable Federal and California Statutes and Codes, along with any other matter constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

**WHEREFORE**, these Answering Defendants pray judgment as follows:

1. That Plaintiff take nothing by this action;

2. That these Answering Defendants be awarded their costs of suit incurred herein;

\ \ \

3. That these Answering Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988 and relevant California statutes; and,

4. That the Court orders such other and further relief as it deems just and proper.

Dated: January 23, 2018         **MARK L. NATIONS, COUNTY COUNSEL**

                By  /s/ Andrew Thomson  _
                    Andrew C. Thomson, Chief Deputy
                    Attorneys for Defendants County of Kern,
                    Kern County Sheriff Donny Youngblood

23L5841.doc

8

_____
**Answer of County and Youngblood to Plaintiff's Complaint**