1  Michael G. Marderosian, No. 077296
   Heather S. Cohen, No. 263093
2  MARDEROSIAN & COHEN
   1260 Fulton Street
3  Fresno, CA 93721
   Telephone:  (559) 441-7991
4  Facsimile: (559) 441-8170

5  Virginia Gennaro, No. 138877
   City Attorney
6  CITY OF BAKERSFIELD
   1501 Truxtun Avenue
7  Bakersfield, CA  93301
   Telephone:  (661) 326-3721
8  Facsimile:  (661) 852-2020

9  Attorneys for:  Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT
                    OFFICER ERIC HARDIN, BAKERSFIELD POLICE DEPARTMENT
10                  SERGEANT LOUIS WOOD

11                        UNITED STATES DISTRICT COURT

12                       EASTERN DISTRICT OF CALIFORNIA

13

14  CHRISTINE TAYLOR,                    )  Case No.  1:17-CV-01669-LJO-JLT
                                         )
15              Plaintiff,               )  **ANSWER TO COMPLAINT**
                                         )  **FOR DAMAGES**
16       v.                              )
                                         )
17  KERN COUNTY, a municipal entity;     )
    CITY OF BAKERSFIELD, a municipal     )
18  entity; Sheriff of Kern County       )
    DONNY YOUNGBOOD, individually        )  *DEMAND FOR JURY TRIAL*
19  and as a peace officer; Bakersfield Police )
    Department Officer ERIC HARDIN,      )
20  individually and as a peace officer; )
    Bakersfield Police Department Sergeant )
21  LOUIS WOOD, individually and         )
    as a peace officer; and DOES 1-20 inclusive, )
22                                       )
                Defendants.              )
23                                       )
                                         )
24  _____)

25       COME  NOW  Defendants  CITY  OF  BAKERSFIELD,  BAKERSFIELD  POLICE

26  DEPARTMENT  OFFICER  ERIC  HARDIN,  and  BAKERSFIELD  POLICE  DEPARTMENT

27  SERGEANT LOUIS WOOD (collectively "City Defendants") and in answering the Complaint for

28  Damages of the Plaintiff on file herein, admit, deny and allege as follows:

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

As to Paragraph:

1.      City Defendants admit that jurisdiction is proper in this Court.  As to the remaining allegations, City Defendants are unable to admit or deny these allegations as they contain no facts and are legal conclusions.

2.      City Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis City Defendants deny each and every allegation contained therein.

3.      City Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis City Defendants deny each and every allegation contained therein.

4.      City Defendants admit all allegations therein with the exception of "other law enforcement officer working within this jurisdiction." City Defendants lack sufficient information and belief to either admit or deny the allegations therein relating to "other law enforcement officers" and on that basis City Defendants deny each and every allegation contained therein as to "other law enforcement officers".

5.      City Defendants admit that Donny Youngblood is the Sheriff of Kern County.  As to the remaining allegations, City Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis City Defendants deny each and every allegation contained therein.

6.      City Defendants admit as to Lyle Martin.  As to the other Defendants, City Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis City Defendants deny each and every allegation against the other Defendants.

7.      City Defendants admit that Eric Hardin is an Officer employed with the Bakersfield Police Department and at the times relevant hereto he was acting in the course and scope of his employment with the Bakersfield Police Department and under the color of law.  City Defendants admit that Eric Hardin was empowered to act under the color of law to truthfully and accurately investigate and report incidents for which he is responsible for investigating and report, ensuring that individuals are not indiscriminately and arbitrarily arrested and detained, ensuring the safety and well-

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

1   being of persons located within the City of Bakersfield.  City Defendants deny that Christine Taylor

2   or others are subject to indiscriminate, unwarranted, and unjustified abuse or maltreatment.

3       8.      City Defendants admit that Louis Wood is a Sergeant employed with the Bakersfield

4   Police Department and at the times relevant hereto he was acting in the course and scope of his

5   employment with the Bakersfield Police Department and under the color of law. City Defendants

6   admit that Eric Hardin was empowered to act under the color of law to truthfully and accurately

7   investigate and report incidents for which he is responsible for investigating and report, ensuring that

8   individuals are not indiscriminately and arbitrarily arrested and detained, ensuring the safety and well-

9   being of persons located within the City of Bakersfield.  City Defendants deny that Christine Taylor

10  or others are subject to indiscriminate, unwarranted, and unjustified abuse or maltreatment.

11      9.      City Defendants lack sufficient information and belief to either admit or deny the

12  allegations therein, and on that basis City Defendants deny each and every allegation contained

13  therein.

14      10.     City Defendants admit that at relevant times hereto, Defendants Hardin and Wood were

15  acting within the scope and course of their employment and under color of law.  As to the remaining

16  allegations, City Defendants lack sufficient information and belief to either admit or deny the

17  allegations therein, and on that basis City Defendants deny each and every allegation contained

18  therein.

19      11.     City Defendants lack sufficient information and belief to either admit or deny the

20  allegations therein, and on that basis City Defendants deny each and every allegation contained

21  therein.

22      12.     City Defendants admit.

23      13.     City Defendants lack sufficient information and belief to either admit or deny the

24  allegations therein, and on that basis City Defendants deny each and every allegation contained

25  therein.

26      14.     City Defendants lack sufficient information and belief to either admit or deny the

27  allegations therein, and on that basis City Defendants deny each and every allegation contained

28  therein.

1    15.    City Defendants lack sufficient information and belief to either admit or deny the
2 allegations therein, and on that basis City Defendants deny each and every allegation contained
3 therein.

4    16.    City Defendants deny.

5    17.    City Defendants deny.

6    18.    City Defendants deny.

7    19.    City Defendants admit that Eric Hardin responded to the scene of the incident.  As to
8 the remaining allegations, City Defendants deny.

9    20.    City Defendants admit that Ms. Taylor was arrested and transported to the Kern County
10 Sheriff's Department Central Receiving Facility for booking and detention. As to the remaining
11 allegations, City Defendants deny.

12    21.    City Defendants deny.

13    22.    City Defendants lack sufficient information and belief to either admit or deny the
14 allegations therein, and on that basis City Defendants deny each and every allegation contained
15 therein.

16    23.    City Defendants deny.

17    24.    City Defendants deny.

18    25.    City Defendants lack sufficient information and belief to either admit or deny the
19 allegations therein, and on that basis City Defendants deny each and every allegation contained
20 therein.

21    26.    City Defendants lack sufficient information and belief to either admit or deny the
22 allegations therein, and on that basis City Defendants deny each and every allegation contained
23 therein.

24    27.    City Defendants lack sufficient information and belief to either admit or deny the
25 allegations therein, and on that basis City Defendants deny each and every allegation contained
26 therein.

27 ///

28 ///

1    28.    City Defendants lack sufficient information and belief to either admit or deny the

2  allegations therein, and on that basis City Defendants deny each and every allegation contained

3  therein.

4    29.    City Defendants lack sufficient information and belief to either admit or deny the

5  allegations therein, and on that basis City Defendants deny each and every allegation contained

6  therein.

7    30.    City Defendants lack sufficient information and belief to either admit or deny the

8  allegations therein, and on that basis City Defendants deny each and every allegation contained

9  therein.

10    31.    City Defendants lack sufficient information and belief to either admit or deny the

11  allegations therein, and on that basis City Defendants deny each and every allegation contained

12  therein.

13    32.    City Defendants lack sufficient information and belief to either admit or deny the

14  allegations therein, and on that basis City Defendants deny each and every allegation contained

15  therein.

16    33.    City Defendants deny that Ms. Taylor was arrested without probable cause and deny

17  that Ms. Taylor was deprived of freedom and civil rights.  As to the remaining allegations, City

18  Defendants lack sufficient information and belief to either admit or deny the allegations therein, and

19  on that basis City Defendants deny each and every allegation contained therein.

20    34.    City Defendants deny.

21    35.    City Defendants admit that Plaintiff filed a Complaint with the Bakersfield Police

22  Department.  As to the remaining allegations, City Defendants lack sufficient information and belief

23  to either admit or deny the allegations therein, and on that basis City Defendants deny each and every

24  allegation contained therein.

25    36.    City Defendants lack sufficient information and belief to either admit or deny the

26  allegations therein, and on that basis City Defendants deny each and every allegation contained

27  therein.

28  ///

1  37.   City Defendants admit Ms. Taylor filed a claim with the City of Bakersfield on June

2  12, 2017, and the City of Bakersfield gave notice of its denial of the claim on June 26, 2017.  As to

3  the remaining allegations, City Defendants are unable to admit or deny these allegations as they are

4  legal conclusions.

5  38.   Plaintiff repeats and incorporates by reference paragraphs and therefore requires no

6  admission or denial.

7  39.   City Defendants are unable to admit or deny these allegations as they are legal

8  conclusions.

9  40.   City Defendants deny all allegations alleged against them.  As to the allegations against

10  Donny Youngblood, City Defendants lack sufficient information and belief to either admit or deny the

11  allegations therein, and on that basis City Defendants deny each and every allegation contained

12  therein.

13  41.   City Defendants deny all allegations alleged against them.  As to the allegations against

14  Donny Youngblood, City Defendants lack sufficient information and belief to either admit or deny the

15  allegations therein, and on that basis City Defendants deny each and every allegation contained

16  therein.

17  42.   City Defendants lack sufficient information and belief to either admit or deny the

18  allegations therein, and on that basis City Defendants deny each and every allegation contained

19  therein.

20  43.   City Defendants lack sufficient information and belief to either admit or deny the

21  allegations therein, and on that basis City Defendants deny each and every allegation contained

22  therein.

23  44.   City Defendants deny.

24  45.   City Defendants deny.

25  46.   City Defendants deny.

26  47.   City Defendants deny.

27  48.   City Defendants deny.

28  ///

1    49.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no
2    admission or denial.

3    50.    As this factual allegation and/or cause of action is not alleged against these City
4    Defendants, these City Defendants need not admit or deny these allegations.

5    51.    As this factual allegation and/or cause of action is not alleged against these City
6    Defendants, these City Defendants need not admit or deny these allegations.

7    52.    As this factual allegation and/or cause of action is not alleged against these City
8    Defendants, these City Defendants need not admit or deny these allegations.

9    53.    As this factual allegation and/or cause of action is not alleged against these City
10   Defendants, these City Defendants need not admit or deny these allegations.

11   54.    As this factual allegation and/or cause of action is not alleged against these City
12   Defendants, these City Defendants need not admit or deny these allegations.

13   55.    As this factual allegation and/or cause of action is not alleged against these City
14   Defendants, these City Defendants need not admit or deny these allegations.

15   56.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no
16   admission or denial.

17   57.    City Defendants admit.

18   58.    City Defendants deny.

19   59.    City Defendants deny.

20   60.    City Defendants admit that there existed within the Bakersfield Police Department on
21   May 15, 2017, an administrative manual, written policies and procedures, and statutory law regarding
22   interactions with and arrests of individuals thought to be mentally ill.  As to the remaining allegations,
23   City Defendants lack sufficient information and belief to either admit or deny the remaining
24   allegations therein, and on that basis City Defendants deny each and every allegation contained
25   therein.

26   61.    This paragraph is nonsensical and on that basis, City Defendants deny.

27   62.    City Defendants deny.

28   63.    City Defendants admit.

1    64.    City Defendants deny.

2    65.    City Defendants deny.

3    66.    City Defendants deny.

4    67.    City Defendants deny.

5    68.    City Defendants deny.

6    69.    City Defendants lack sufficient information and belief to either admit or deny the

7    allegations therein, and on that basis City Defendants deny each and every allegation.

8    70.    City Defendants deny.

9    71.    City Defendants lack sufficient information and belief to either admit or deny the

10   allegations therein, and on that basis City Defendants deny each and every allegation.

11   72.    As this factual allegation and/or cause of action is not alleged against these City

12   Defendants, these City Defendants need not admit or deny these allegations.

13   73.    As this factual allegation and/or cause of action is not alleged against these City

14   Defendants, these City Defendants need not admit or deny these allegations.

15   74.    As this factual allegation and/or cause of action is not alleged against these City

16   Defendants, these City Defendants need not admit or deny these allegations.

17   75.    As this factual allegation and/or cause of action is not alleged against these City

18   Defendants, these City Defendants need not admit or deny these allegations.

19   76.    As this factual allegation and/or cause of action is not alleged against these City

20   Defendants, these City Defendants need not admit or deny these allegations.

21   77.    As this factual allegation and/or cause of action is not alleged against these City

22   Defendants, these City Defendants need not admit or deny these allegations.

23   78.    As this factual allegation and/or cause of action is not alleged against these City

24   Defendants, these City Defendants need not admit or deny these allegations.

25   79.    As this factual allegation and/or cause of action is not alleged against these City

26   Defendants, these City Defendants need not admit or deny these allegations.

27   80.    As this factual allegation and/or cause of action is not alleged against these City

28   Defendants, these City Defendants need not admit or deny these allegations.

1    81.    As this factual allegation and/or cause of action is not alleged against these City

2    Defendants, these City Defendants need not admit or deny these allegations.

3    82.    City Defendants lack sufficient information and belief to either admit or deny the

4    allegations therein, and on that basis City Defendants deny each and every allegation.

5    83.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no

6    admission or denial.

7    84.    City Defendants are unable to admit or deny these allegations as they contain no facts

8    and are legal conclusions.

9    85.    City Defendants deny.

10    86.    City Defendants deny.

11    87.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no

12    admission or denial.

13    88.    City Defendants deny.

14    89.    City Defendants lack sufficient information and belief to either admit or deny the

15    allegations therein, and on that basis City Defendants deny each and every allegation.

16    90.    City Defendants lack sufficient information and belief to either admit or deny the

17    allegations therein, and on that basis City Defendants deny each and every allegation.

18    91.    City Defendants deny.

19    92.    City Defendants deny.

20    93.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no

21    admission or denial.

22    94.    City Defendants deny.

23    95.    City Defendants deny.

24    96.    City Defendants deny.

25    97.    City Defendants are unable to admit or deny these allegations as they contain no facts

26    and are legal conclusions.

27    98.    City Defendants admit that a tort claim was filed and it was rejected.  As to the

28    remaining allegations, City Defendants deny.

99.    City Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis City Defendants deny each and every allegation.

100.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

101.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

102.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

103.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

104.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

105.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

106.    City Defendants deny.

107.    City Defendants deny.

108.    City Defendants deny.

109.    City Defendants deny.

110.    City Defendants deny.

111.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

112.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

113.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

114.    City Defendants deny.

115.    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

116.    City Defendants deny.

117.    City Defendants deny.

118.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

119.    As this factual allegation and/or cause of action is not alleged against these City Defendants, these City Defendants need not admit or deny these allegations.

124[1].    Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

125.    City Defendants deny.

126.    City Defendants deny.

128[2].    City Defendants deny.

129.    City Defendants deny.

130.    City Defendants deny.

131.    City Defendants deny.

City Defendants assert the following affirmative defenses.  Facts may be discovered that alter or supplement the bases for the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against the City Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk – Peril)

City Defendants allege that Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff voluntarily placed herself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff when engaging in said activity.

---

[1]It should be noted that there are no paragraphs numbered 120-123.

[2]It should be noted that there is no paragraph numbered 127.

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

1

### THIRD AFFIRMATIVE DEFENSE

2

(Assumption of Risk)

3      City Defendants allege that Plaintiff had full knowledge of the risks involved in the activity in

4      which she was engaged at the time of the incident set forth in the complaint herein; that Plaintiff

5      voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned

6      in said Complaint; and that the loss or damage, if any, sustained by her was caused by said risks that

7      were accepted and voluntarily assumed by her.

8

### FOURTH AFFIRMATIVE DEFENSE

9

(Statute of Limitations)

10      City Defendants allege that the Complaint and each and every cause of action therein is barred

11      by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related

12      statutes.

13

### FIFTH AFFIRMATIVE DEFENSE

14

(Failure to Mitigate Damages)

15      City Defendants allege that the Complaint and each and every cause of action therein is barred

16      because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by her and

17      said failure bars or reduces the recovery, if any, from City Defendants.

18

### SIXTH AFFIRMATIVE DEFENSE

19

(City Defendants' Acts Not A Proximate Cause)

20      City Defendants state that any act or omission on the part of the answering City Defendants,

21      their agents or employees, was not the proximate cause of Plaintiff's injury.

22

### SEVENTH AFFIRMATIVE DEFENSE

23

(Denial of Damages)

24      City Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at

25      all, by reason of any act or omission of City Defendants.

26      ///

27      ///

28      ///

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

(Immunity)

3     City Defendants allege the provisions of California Tort Claims Act of the California

4  Government Code (Government Code § 810 *et seq*.) as a measure of the duty of the City of

5  Bakersfield and its employees.

6

**NINTH AFFIRMATIVE DEFENSE**

7

(Immunity)

8     City Defendants claim the immunities under the applicable provisions of the Government Code

9  including, without limitation, §§ 820.8, 830-835.4.

10  ///

11

**TENTH AFFIRMATIVE DEFENSE**

12

(Barred by Tort Claims Act and Failure to File Claim)

13     City Defendants allege that to the extent the Complaint includes allegations within the scope

14  of the California Tort Claims Act, the Complaint is barred by the following provisions of the

15  California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6;

16  818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6;

17  830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2;

18  850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

19

**ELEVENTH AFFIRMATIVE DEFENSE**

20

(Variance Between Tort Claim and Complaint)

21     City Defendants allege that to the extent the Complaint includes allegations within the scope

22  of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual

23  allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and

24  that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the

25  Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910,

26  911.2, 945.5, 950.2 and related provisions.

27  ///

28  ///

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

(Good Faith)

3

City Defendants allege that the employees, officials and agents of City Defendants were at all

4

times material hereto acting with both subjective and objective good faith, such that any claim for

5

relief that Plaintiff may have is barred by law.

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

(Estoppel)

8

By reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any

9

recovery from City Defendants by reason of the allegations set forth in the Complaint.

10

**FOURTEENTH AFFIRMATIVE DEFENSE**

11

(Frivolous Action)

12

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling

13

the City Defendants to sanctions and appropriate remedies (including, without limitation, attorney's

14

fees) against Plaintiff.

15

**FIFTEENTH AFFIRMATIVE DEFENSE**

16

(Unclean Hands)

17

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

18

**SIXTEENTH AFFIRMATIVE DEFENSE**

19

(Res Judicata)

20

To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause

21

of action there in is barred by the doctrine of *res judicata* and collateral estoppel.

22

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23

(Proper Conduct)

24

City Defendants allege that at all times and places mentioned in the Complaint, City

25

Defendants acted without malice and with a good faith belief in the propriety of their conduct.

26

///

27

///

28

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Acting in Good Faith)

City Defendants allege that at all times mentioned in the Complaint, City Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

(Privilege)

City Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

(Immunities)

City Defendants assert the various immunities conferred upon them pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Public Liability Act)

City Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of City Defendants' duties and liabilities in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Immunity – Exemplary Damages)

City Defendants allege that the City of Bakersfield, a public entity, is immune from liability for exemplary damages herein pursuant to § 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Conduct Reckless and Wanton)

City Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

(Discretionary Act Immunity)

3      City Defendants allege that the act or omissions which Plaintiff claims give rise to liability in

4 this case were within the discretion of a City of Bakersfield employee acting within the course and

5 scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act

6 immunity contained in Government Code § 820.2 and its related provisions.

7

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8

(Privilege)

9      City Defendants allege that if any force was used by City Defendants against the Plaintiff

10 herein, said use of force was the lawful exercise of the right of self-defense and defense of the public

11 and privileged by law, and any recovery pursuant to said use of force is barred.

12

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

13

(Justified Use of Force)

14      The Complaint and each and every cause of action therein is barred because the use of force

15 against the Plaintiff by the employees of the City of Bakersfield, if any, was privileged and justified.

16

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17

(Comparative Negligence)

18      City Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent

19 in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed

20 to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause

21 thereof; and that if Plaintiff is entitled to recover damages against the City Defendants by virtue of the

22 Complaint, the City Defendants pray that recovery be diminished or extinguished by reason of the

23 negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

24

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25

(Arrest)

26      City Defendants allege that if any force was used to effect the arrest of the Plaintiff herein by

27 the City Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the

28 ///

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

1  California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein

2  for any alleged injury or damage if any there were.

3  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

4  (Resisting Arrest)

5  City Defendants allege that Plaintiff was under a duty pursuant to § 834a of the California

6  Penal Code to refrain from using force or a weapon to resist his arrest; that Plaintiff breached her duty

7  even though she knew or by the exercise of reasonable care should have known that she was being

8  arrested by a peace officer; that as a direct and proximate result of Plaintiff's breach of this duty she

9  is barred from recovery for any loss or damage she may have incurred, if any there be.

10  **THIRTIETH AFFIRMATIVE DEFENSE**

11  (Plaintiff Assaulted Police/Bystanders)

12  City Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff

13  willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the

14  arresting officers and bystanders; that it became and was necessary to use force on the person of the

15  Plaintiff to defend said arresting officers and bystanders from said violent assault on their persons; that

16  the injuries, if any, and damages, if any, incurred by Plaintiff were proximately caused by the

17  necessary use of said reasonable force on the person of Plaintiff and not otherwise; and that by reason

18  of Plaintiff instituting said vicious and violent assault on the persons of said arresting officers and

19  bystanders, Plaintiff's failure and refusal to desist from continuing said assault, and the consequent

20  necessity to use reasonable force to defend said arresting officers and bystanders from said assault,

21  Plaintiff's claim, if any, is barred by law.

22  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

23  (Prevent Injury/Escape)

24  City Defendants allege that no more force was used on Plaintiff's person than was necessary

25  to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to

26  the officers and the public and to facilitate and safeguard a valid police investigation.

27  ///

28  ///

1

### THIRTY-SECOND AFFIRMATIVE DEFENSE

2

(Qualified Immunity)

3     City Defendants allege that City Defendants are immune from any civil liability in this matter

4     under the doctrine of qualified immunity in that it had a good faith belief that each and every action

5     employed and taken with regard to the acts complained of by Plaintiff herein, were justified,

6     reasonable and lawful under the circumstances presented to the City Defendants at the time of the

7     incident at issue herein.

8

### THIRTY-THIRD AFFIRMATIVE DEFENSE

9

(Immunity from Injury Caused by Person Resisting Arrest)

10     City Defendants allege that, pursuant to Government Code § 845.8, City Defendants are

11     immune from liability as a matter of law for injury caused to Plaintiff by a person resisting arrest.

12

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

13

(Failure to State Relief Under 42 U.S.C. § 1983)

14     City Defendants allege that the Plaintiff has failed to allege facts in the Complaint sufficient

15     to state a claim for relief under 42 U.S.C. § 1983 against the City Defendants, their agents, employees

16     and particularly police officers.

17

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

18

(City of Bakersfield Not a Proper Party)

19     City Defendants allege that Plaintiff has failed to allege sufficient, specific facts against the

20     City of Bakersfield, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

21

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

22

(Mutual Combat)

23     City Defendants allege that Plaintiff had full knowledge of the risks involved in the mutual

24     combat activity in which she engaged and set forth in the Complaint herein; that Plaintiff voluntarily

25     assumed all the risks incident to the activity engaged in at the time and place mentioned in said

26     Complaint, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks, which

27     were accepted and voluntarily assumed by the Plaintiff when she engaged in said activity.

28     ///

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

(Self Defense)

3      City Defendants allege by way of a plea of self defense that City Defendants honestly and

4  reasonably believed that Plaintiff was about to inflict harm upon them and City Defendants' use of

5  force, if any, was done reasonably and in self defense.

6

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7

(No Breach of Duty)

8      City Defendants further allege that they are not liable for any cause of action based in

9  negligence, as it has breached no duty of care owed to Plaintiff.

10

## THIRTY-NINTH AFFIRMATIVE DEFENSE

11

(Liability of Other Persons/Entities)

12      City Defendants allege that the damages alleged therein, if any there were, are, and/or shall be,

13  the sole and proximate responsibility and liability of persons and/or entities other than these answering

14  City Defendants, and are neither the liability nor responsibility of City Defendants.

15

## FORTIETH AFFIRMATIVE DEFENSE

16

(Percentage of Fault)

17      City Defendants allege that in the event they are found liable to the Plaintiff, City Defendants

18  are responsible for the Plaintiff's damages according to City Defendants' percentage of fault, pursuant

19  to Civil Code section 1431.2.

20

## FORTY-FIRST AFFIRMATIVE DEFENSE

21

(Immunity)

22      City Defendants allege that they are immune from liability for the causes of action alleged in

23  the Complaint, if any, pursuant to California Government Code sections, including but not limited to,

24  815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government

25  Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

26  ///

27  ///

28  ///

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2

(Intentional Acts of Plaintiff)

3    City Defendants allege that the damages, if any, of which Plaintiff complains, were the

4 proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against

5 these City Defendants.

6

## FORTY-THIRD AFFIRMATIVE DEFENSE

7

(Consent)

8    City Defendants allege that Plaintiff consented to all of the acts herein.

9

## FORTY-FOURTH AFFIRMATIVE DEFENSE

10

(Probable Cause)

11    City Defendants allege that probable cause existed for each of the acts undertaken by City

12 Defendants herein.

13

## FORTY-FIFTH AFFIRMATIVE DEFENSE

14

(Malicious Prosecution)

15    City Defendants allege that the allegations contained in Plaintiff's Complaint are baseless and

16 warrantless and the bringing of the Complaint and the making of the allegations and charges therein

17 are outrageous and malicious conduct and are intended to specifically injure City Defendants, and City

18 Defendants specifically reserves the right to file suit for malicious prosecution and abuse of process,

19 among other causes of action, pursuant to California State Law and the California Peace Officer's Bill

20 of Rights.

21

## ADDITIONAL AFFIRMATIVE DEFENSES

22    City Defendants presently have insufficient knowledge or information on which to form a

23 belief as to whether it may have additional, as yet unstated, defenses available.  City Defendants

24 reserve the right to assert additional defenses in the event that discovery indicates that they would be

25 appropriate.

26

## DEMAND FOR JURY TRIAL

27    City Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

28 Civil Procedure.

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

1

**PRAYER**

2

**WHEREFORE**, City Defendants pray judgement as follows:

3

      1.     That Plaintiff take nothing by this action;

4

      2.     That City Defendants be awarded their costs of suit incurred herein;

5

      3.     That City Defendants be awarded reasonable attorneys fees pursuant to Federal Rules

6

of Civil Procedure, Rule 11 and 42 U.S.C. §1988; and

7

      4.     That the Court order such other and further relief as it deems just and proper herein.

8

Dated:  January 23, 2018                 MARDEROSIAN & COHEN

9

10

                        By:     /s/ Michael G. Marderosian

11

                              Michael G. Marderosian
                              Attorney for City Defendants

12

                              above-named.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28