1 | Michael G. Marderosian, (SBN 77296
2 | Heather S. Cohen, No. 263093
  | MARDEROSIAN & COHEN
3 | 1260 Fulton Street
  | Fresno, CA 93721
4 | Telephone: (559) 441-7991
5 |
6 | Virginia Gennaro, City Attorney (SBN 138877)
  | CITY OF BAKERSFIELD
7 | 1501 Truxtun Avenue
  | Bakersfield, CA 93301
8 | Telephone: (661) 326-3721
9 | **Attorneys for Defendants City of Bakersfield,**
  | **Officer Eric Hardin, Sergeant Louis Wood**
10 |
11 | MARK L. NATIONS, COUNTY COUNSEL
   | By: Robert J. Rice, Deputy (SBN 131255)
12 | 1115 Truxtun Avenue, 4th Floor
   | Bakersfield, CA 93301
13 | (661) 868-3800
14 |
15 | **Attorneys for Defendant, Kern County and Donny Youngblood**
16 | Christine Taylor
   | 2804 Hollins
17 | Bakersfield, CA 93305
18 | **In Pro Se**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TAYLOR,<br>     Plaintiff,<br>  vs.<br><br>KERN COUNTY, a municipal entity;<br>CITY OF BAKERSFIELD, a municipal entity;<br>Sheriff of Kern County DONNY<br>YOUNGBLOOD, individually and as a peace<br>officer; Bakersfield Police Department Officer<br>ERIC HARDIN, individually and as a peace<br>officer; Bakersfield Police Department Sergeant<br>LOUIS WOOD, individually and as a peace<br>officer; and DOES 1-20, inclusive,<br>     Defendants. | Case No. 1:17-CV-01669-JLT<br><br>**JOINT MID-DISCOVERY**<br>**STATUS REPORT**<br><br>**DATE: October 4, 2018**<br>**TIME: 8:30 a.m.**<br>**JUDGE: Hon. Jennifer L. Thurston,**<br>**510 19th Street, Bakersfield, California**<br><br>*Telephonic Appearance Requested by*<br>*City Defendants* |

Plaintiff CHRISTINE TAYLOR, Defendants CITY OF BAKERSFIELD, ERIC HARDIN and LOUIS WOOD (collectively "City Defendants") and Defendants KERN COUNTY and DONNY YOUNGBLOOD (collectively "County Defendants") jointly submit the following Mid-Discovery Status Report pursuant to the Scheduling Order dated March 14, 2018 [Dkt. No. 17].

## RULE 26 DISCLOSURES

Initial Rule 26 Disclosures were exchanged by all parties.

## WRITTEN DISCOVERY

**Plaintiff:**

    (a)    Plaintiff responded to 182 Interrogatories from the City of Bakersfield written discovery … in violation of both the spirit and the rule limiting the number of interrogatory questions.  25 the number of interrogatories allowed pursuant to F.R.C.P. 33(a)(1)

    24 Interrogatories City of Bakersfield.
9 Interrogatories Louis Wood
8 Responses to Eric Hardin Interrogatories
40 Plaintiff Christine Taylor's responses to request for production of documents, set one: May 17, 2018
16 Responses to Bakersfield RFP's—SUPPLEMENTAL July 9, 2018
11 Responses to Louis Wood Interrogatories May 17, 2018
24 Defendant City of Bakersfield's First Set of Interrogatories July 29, 2018
**8 Christine Taylor's RFP Responses St 1 City Bakersfield**
**8**-plaintiff's responses to Defendants County of Kern request for admissions set (1)
10-plaintiff Christine Taylor's supplemental responses to defendant Louis Wood's interrogatories, set one
24 Responses to Defendant City of Bakersfield's First Set of Interrogatories Plaintiffs propounded requests for production of documents upon Defendant

    (b)    Plaintiff attempted to resolve discovery issues with Defendant failed.  Plaintiff requests the court to enforce order on evidence limitation ; under Rule 30(D): (a)

    (c)    The plaintiff sent the Defendants' counsel a picture of the each subpoenas containing notes regarding "motions to quash."  Andrew C Thomson attorney for Kern County "please explain why I was subpoenaed first for the production of a document?" Is it really necessary to subpoenas me 21 times specifically if you did not ask me for that document through interrogatories or Productions or admissions or through a Motion to Compel."

///

Plaintiffs Motioned to quash the videotape depositions subpoenas on grounds that the witnesses are related to a party making them disqualified. inefficient grounds to compel non party

  (d) Plaintiff plans to Raise any evidentiary objections in a separate document titled "Plaintiff's Evidentiary Objections" and hearing of the motion.

  (e) Disclosures were exchanged by all parties. However, the plaintiff's disclosure was AMENDED to remove Ronny Oliver from the witness list, we could not contacted him making him unavailable. The defendants are aware of the amended disclosure as Ronny Oliver is no longer a witness on my list.  Yet they continue to harass him with multiple phone calls to his work phone. Plaintiff is requesting the courts to enforce an order to have defendants stop calling him. .

  (f) Plaintiff would like to stipulate her court order and allow her to use the e-file system as she does not want to disobey the court order that was given to her.

  (g) Plaintiff wishes to file her notice of motion and motion to compel the defendants to produce the security video of the time the plaintiff was in jail  of concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate

  (h) Defendants City of Bakersfield only answered 26 out of 43 the rest were objected with general objections ranging from privilege to vagueness concerns and continues with a list of specific objections incorporating by reference the general objections already laid out.  Boiler plate discovery objections violated updated Rule 34. The rule is amended to require that if a party objects, it must also state whether the objection serves as a basis for withholding documents.

  (i) Plaintiff has properly served her discovery requests on counsel…when you Register for a PACER AND CM/ECF LOGIN it states (Pursuant to Local Rule 5-3.2.3, you consented to receive service by electronic means. Pursuant to Local Rule 5-3.2.3, registering to use CM/ECF is deemed consent, for purposes of Fed. R. Civ. P. 5(b)(2)(E), to electronic service of documents. Defendants counsel stated attorneys are mandated to file through the Federal e-file system. He just admitted that they consented to electronic service.  Even the Definition in the local rules page 31 "E-Filing Registration" also acts as a consent to service by electronic means during the course of an action unless the attorney opts out. See L.R. 135(g). . Also pursuant to F.R.C.P. 5(b)(2)(E), sending it by electronic means if the person consented in writing—(in which they did) service is complete upon transmission or.( F) delivering it by any other means that the person consented to in writing. Also 2018 California Rules of Court Rule 2.250. Construction and

1  definitions (b) Definitions (2)  "Electronic service" is service of a document on a party or other person by
2  either electronic transmission or electronic notification. Electronic service may be performed directly by a
3  party or other person, by an agent of a party or other person, including the party's or other person's attorney,
4  through an electronic filing service provider, or by a court. Therefore, by signing up to e-file, a party
5  consents to electronic service under F.R.C.P. 5(b)(2)(E). TO WIT Plaintiffs discovery documents were
6  properly served.

7  **Rule 2.250 amended effective January 1, 2018;** **The** definition of "electronic service" has been
8  amended to provide that a party may effectuate service not only by the electronic transmission of a
9  document, but also by providing electronic notification of where a document served electronically may be
10 located and downloaded. This amendment is intended to modify the rules on electronic service to expressly
11 authorize electronic notification as a legally effective alternative means of service to electronic
12 transmission. This rules amendment is consistent with the amendment of Code of Civil Procedure section
13 1010.6, effective January 1, 2011, to authorize service by electronic notification. (See Stats. 2010, ch. 156
14 (Sen. Bill 1274).) The amendments change the law on electronic service as understood by the appellate
15 court in Insyst, Ltd. v. Applied Materials, Inc. (2009) 170 Cal.App.4th 1129, which interpreted the rules as
16 authorizing electronic transmission as the only effective means of electronic service.

17 Defendants FRIVOLOUS TECHNICALITIES.

18      "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to
19 construe Plaintiff's Pleadings without regard to technicalities." Puckett v. Cox, 456 F. 2d 233 (1972) (6th
20 Cir. USCA)

21      City Defendants claim plaintiffs written discovery's are "unintelligible and rambling requests
22 extremely difficult," Yet they have no problem objecting to them. This is nothing more than a fishing
23 exhibition for frivolous technicalities.

24      City Defendants Claim that Plaintiff's interrogatories do not comply with Local Rule 250.2.
25 However, pursuant to RULE 250.2 (Fed. R. Civ. P. 33) INTERROGATORIES (a) Interrogatories. The
26 answering party shall retype the interrogatories along with the answers and/or objections. City Defendant's
27 claim the plaintiff  exceed the number of interrogatories allowed pursuant to F.R.C.P. 33(a)(1) FAILED
28 ///

**City Defendants:**

The City Defendants have propounded written discovery on Plaintiff Christine Taylor to which she has responded.

Plaintiff has propounded written discovery requests on the City Defendants in the form of several sets of interrogatories and a request for production. However, Plaintiff has failed to properly serve her discovery requests on counsel. The only method Plaintiff used to serve the interrogatories on counsel was via email. City Defendants have never consented to service by electronic means in this case in writing or otherwise. Therefore, Plaintiff's numerous discovery requests are improper pursuant to F.R.C.P. 5(b)(2)(E). This has been brought to Ms. Taylor's attention; however, she refuses to properly serve the requests and continues to serve every document via email.

Additionally, the form of Plaintiff's interrogatories do not comply with F.R.C.P. 33 or Local Rule 250.2 which requires that interrogatories be arranged that after each separate question there shall appear a blank space reasonably calculated to enable the answering party to insert the answers and/or objections.

Further, many of Plaintiff's interrogatories are unintelligible, not numbered, are not numbered sequentially from the previous set of interrogatories propounded, and her interrogatories and request for production are not clearly directed to any party but merely include requests which appear to be directed to specific parties in the body of her pleadings, making it extremely difficult, if not impossible to decipher just what is being propounded to which Defendant.

Despite these defects in Plaintiff's discovery requests, the City Defendants have responded to her written discovery within the parameters of F.R.C.P. 33(a)(1) in an effort to comply with discovery procedures. Plaintiff has improperly propounded interrogatories to the City Defendants that greatly exceed the number of interrogatories allowed pursuant to F.R.C.P. 33(a)(1) and are in violation of both the spirit and the rule limiting the number of interrogatory questions. As such, responses to interrogatories exceeding the limit have not been provided.

It is anticipated that Plaintiff will continue to propound additional interrogatories and if so, City Defendants intend to seek a protective order from the Court and will seek monetary and evidentiary sanctions.

///

///

**County Defendants:**

The County Defendants have propounded initial written discovery on Plaintiff Christine Taylor to which she has responded with unverified responses and blanket objections.

Plaintiff has propounded written discovery requests on the County Defendants in the form of a request for production. The only method Plaintiff used to serve the Request for Production was via email. County Defendants have never consented to service by electronic means in this case in writing or otherwise. Plaintiff's discovery requests are improper pursuant to F.R.C.P. 5(b)(2)(E). Plaintiff Ms. Taylor has refused to properly serve the requests and continues to serve every document via email based upon the ground that service via the U.S. Mail is too burdensome and expensive.

Plaintiff's Request for Production includes unintelligible and rambling requests for video/audio and all documents, "The Lieutenants, overall responsibility of facility operations and the administration, coordinates ancillary services such as Medical, Mental Health, and manages staff assigned to the court holding areas" ….., (Plaintiff's Request for Production RFP No. 2 p. 8 lines 21-23) making any rational response nonviable, impractical and extremely difficult to interpret what specifically is being propounded and requested from the Defendants.

Despite the defects in Plaintiff's discovery requests, the County Defendants are in the process of responding to her written discovery within the parameters of F.R.C.P. 34 in an effort to comply with discovery procedures. It is anticipated that Plaintiff will continue to propound additional discovery demands and County Defendants reserve the right to seek a protective order from the Court including sanctions if appropriate.

## DEPOSITIONS/SUBPOENAS FOR RECORDS

**Plaintiff:**

City Defendants and County Defendants jointly are going beyond the fair scope of this lawsuit subpoenaing opposing party's relatives. The intent is not as a means to uncover relevant information for their case; rather, abuse and misuse of subpoenas, a fishing exhibition, Defendants are well aware of Rule 28. Persons Before Whom Depositions May Be Taken (c) DISQUALIFICATION. A deposition must NOT be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action. Aug 21, 2018, 8:29 PM Plaintiff

submitted Objections.

Defendants claim they identified several former mental health providers. This FAILS the mental condition is completely irrelevant and not appropriate.  This subpoena duces tecum is a way to intimidate, embarrass, injure, or invade the privacy of the plaintiff future employment and health care. Quash subpoena until mental condition has been shown to be truly at issue. Plaintiff already handed the defendants all former employers. Records from those identified are not relevant to Plaintiff's claimed damages, *i.e.*, emotional distress and loss of income.

You claim "County Defendants have never consented to e-mail service of any documents." This Fails, You consented to electronic service when you registered for a PACER AND CM/ECF LOGIN, Pursuant to Local Rule 5-3.2.3, you consented to receive service by electronic means in all your cases.

In an attempt to discuss an issue in good faith the Plaintiff emailed to Defendants' counsel A. Thomson, why 21 informal subpoenas for irrelevant information were submitted before asking through written discovery to wit my handwritten notes/objections on the subpoenas just notes regarding "motions to quash." and nothing more.

If County Defendants Are in the process of responding to my Request for Production then claiming they are " extremely difficult to interpret" is a false and misleading claim,.

In violation of Rules of Professional Conduct Rule 5-100 he Threatened Criminal, Administrative, or Disciplinary Charges threaten to initiate sanctions over a frivolous nature against a pro se party.  Due to attorneys double space format issue with his signature.

**City Defendants:**

Plaintiff's responses to written discovery identified several former employers and mental health providers.  Records from those identified have been subpoenaed and relate directly to Plaintiff's claimed damages, *i.e.*, emotional distress and loss of income.  Plaintiff has emailed to Defendants' counsel handwritten notes/objections on the subpoenas themselves with various unintelligible objections and notes regarding "motions to quash."  To City Defendants' knowledge, Plaintiff has not filed any motion to quash relating to these subpoenas.

City Defendants and County Defendants jointly noticed Plaintiff's deposition for October 22, 2018. City Defendants noticed the depositions of Plaintiff's father, mother, and brother, as well as a witness named

Ronny Oliver who Plaintiff claimed in discovery responses to be her former employer and mental health care provider. Further, Plaintiff produced documents which purportedly were authored by Mr. Oliver in the form of a letter to the Kern County Superior Court Criminal judge and an invoice for mental health services purportedly rendered. Ms. Taylor has also emailed to Defendants' counsel handwritten notes/objections on these deposition notices with various unintelligible objections and notes regarding "motions to quash." To City Defendants' knowledge, Plaintiff has not filed any motion to quash relating to these deposition notices.

**County Defendants:**

City Defendants and County Defendants jointly noticed Plaintiff's deposition for October 22, 2018. County Defendants have served subpoenas for third party psychiatric records of Ms. Taylor. Plaintiff thereafter emailed to the County Defendants' counsel handwritten notes/objections on these subpoena notices with various unintelligible objections. To date, Plaintiff has not filed any motion to quash relating to these subpoenas issued by the Defendant County.

## CONCLUSION

The Defendants believe that discovery is proceeding timely and will be completed before the January 22, 2019 discovery cutoff date.

Dated: September 27, 2018      By:   No Signature Provided
                                     Christine Taylor,
                                     Plaintiff *Pro Se*

Dated: September 27, 2018      MARDEROSIAN & COHEN

                               By:   /s/ Heather S. Cohen
                                     Heather S. Cohen,
                                     Attorneys for City Defendants

Dated: September 27, 2018      MARK L. NATIONS, COUNTY COUNSEL

                               By:   /s/ Robert J. Rice
                                     Robert J. Rice, Deputy
                                     Attorneys for County Defendants

#23Z2190.DOC