# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC HARDIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-1669 - JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE |

Recently, the Court ordered the plaintiff to show cause why sanctions should not be imposed for her failure to appear at the mid-discovery status conference and for her repeated refusal to comply with the Court's orders that she stop emailing the Court. (Doc. 30) Ms. Taylor has filed a response. (Doc. 31) Though the Court finds that Ms. Taylor's response to be inadequate, it will nonetheless **DISCHARGE** the order to show cause without sanctions. **However, any further failure on the plaintiff's part to comply with the Court's orders will result in sanctions, which may include terminating sanctions.**

**I.　　Analysis**

The plaintiffs that she did not intend to violate the Court's orders. (Doc. 31 at 1) She points to the fact that she merely sent an email requesting to appear by telephone at the mid-discovery status conference as if she has made no other email contact. Id. This is a wild misstatement of the facts.

The plaintiff sent an email in the early morning hours of October 5, 2018, seeking to appear by

1

telephone at the hearing later in the morning. The Clerk of the Court received it at the start of the business day and promptly responded with instructions.[1] The Court has no problem with this communication, as noted in the Court's earlier order. (Doc. 30 at 1, n. 1) The Court's order to show cause was directed at the numerous other email communications sent by Ms. Taylor seeking to have the Court take action. The Court has instructed her repeatedly that she must **file** motions and that absent filing, the information contained in the emails is simply disregarded.

Ms. Taylor suggests that these emails are "proposed orders." She misunderstands the phrase. A "proposed order" is not a motion. Motions must be filed. A "proposed order," is provided by the party making the motion, to assist the Court in drafting an order **after** it has considered and heard a motion. It is not a mechanism to avoid filing a formal motion.

Ms. Taylor takes exception to the Court's refusal to allow her to file electronically.[2] However, she has never properly sought to file electronically. The Court's order, dated August 30, 2018, noted this and instructed her to file a motion. (Doc. 25) The Court noted,

> Any pro se litigant seeking electronic filing permission may not simply e-mail a request for such permission, but must follow the guidelines set forth by Local Rule 133(b)(3), which provide: "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception."

Id. at 2. Despite this, Ms. Taylor has not filed the proper motion. In any event, given her constant barrage of emails, the Court would be reluctant, indeed, to allow her to file electronically. Moreover, the reason the Court has gleaned for the request—that she wishes to avoid the cost of stamps—is insufficient.

Ms. Taylor seems to justify her actions be reliance on state law rules. (Doc. 31 at 1) However, she chose to file in <u>federal</u> court and, therefore, the <u>federal</u> rules—not state rules—apply. She is obligated to research to determine the proper rules that apply or, if this is not possible, to retain an

---

[1] Ms. Taylor has sent emails from a variety of email addresses. This email was sent from an account named "CHEYENNE." Ms. Taylor asserts that she did not receive a response to this email. The Court cannot speak to this but it can speak to the fact that the Clerk of the Court sent a response as soon as possible at the start of the business day.

[2] She asserts that the Court has failed to demonstrate good cause for its refusal to allow her to electronically file documents. It is *her* burden to demonstrate that her request should be granted; it is not the Court's obligation to demonstrate why is should not be granted.

attorney to assist her. In fact, she is urged in the strongest possible terms to consult a lawyer or to seek other assistance from a trained professional to prosecute this case. Her current conduct, places her case at extreme risk of being dismissed.

Based upon the foregoing, the Court **ORDERS**:

1. The order to show cause is **DISCHARGED**. Nevertheless, she **SHALL:**

    a. Comply with the applicable federal rules;

    b. Immediately stop emailing the Court, except when allowed by previous court order.

**She is further advised that any future failure to comply with this and every other Court order will result in the Court dismissing this action.**

IT IS SO ORDERED.

Dated: __October 17, 2018__     _____/s/ Jennifer L. Thurston_
UNITED STATES MAGISTRATE JUDGE